UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS J. COOK, individually,
and THOMAS J. COOK and VICKI
L. SCHWAB, as Trustees of the
COOK/SCHWAB LIVING TRUST,

    Plaintiffs,

v.

THE ESTATE OF RICHARD P.
COOK, and KATHERINE COOK
FISHMAN, as Personal Representative
of the Estate of Richard P. Cook,

    Defendants.

Case Number: _____

**COMPLAINT FOR ACCOUNTING AND FOR DISSOLUTION
OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY,
PRIMA FACIE TORT, AND CONVERSION**

    Plaintiffs Thomas J. Cook, individually, and Thomas J. Cook and Vicki L. Schwab, residents of the State of Washington, through their counsel Rodey, Dickason, Sloan, Akin & Robb, P.A., for their Complaint for Accounting and for Dissolution of Partnership, Breach of Fiduciary Duty, Prima Facie Tort, and Conversion, against Defendants the Estate of Richard P. Cook, and Katherine Cook Fishman, as Personal Representative of the Estate of Richard P. Cook, state as follows:

**PARTIES**

    1.    Plaintiffs Thomas J. Cook and Vicki L. Schwab are residents of Clark County, in the State of Washington.

    2.    Plaintiffs Cook and Schwab are trustees of the Cook/Schwab Living Trust.

3. Richard P. Cook, uncle of Plaintiff Thomas J. Cook, was a resident of Rio Arriba County, and passed away on or about April 17, 2017.

4. Defendant Katherine Cook Fishman ("Fishman"), a citizen and resident of the State of New Mexico, is the Personal Representative of Defendant the Estate of Richard P. Cook.

5. Richard P. Cook was a resident of the state of New Mexico, and the Estate of Richard P. Cook was probated in Rio Arriba County, State of New Mexico.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7. As shown above, for diversity purposes, Plaintiffs are citizens of the State of Washington.

8. Also as shown above, for diversity purposes, Defendant the Estate of Richard P. Cook and Defendant Fishman as the personal representative of the Estate of Richard P. Cook, under 28 U.S.C. § 1332(c)(2), are citizens of the State of New Mexico.

9. As Plaintiffs, on the one hand, and Defendants, on the other hand, are situated in and citizens of different states, a diversity of citizenship exists. Additionally, as set forth more fully below, this case involves an adjudication of amounts owed under a written partnership agreement in excess of $75,000, exclusive of interest and costs. Therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

10. Venue is proper for this action, under to 28 U.S.C. § 1391 because Defendants are residents of the State of New Mexico, in which this judicial district is located, and because a substantial part of the events or omissions giving rise to the claims set forth in this complaint

occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

11. The PAN Partnership ("PAN") is a partnership that holds investment assets. *See* PAN Partnership Agreement, attached as Exhibit 1.

12. At the time of formation, PAN's assets consisted of real estate in Taos County, New Mexico, that was held in PAN's name, in care of Richard P. Cook ("Taos County Real Estate"). *See* Warranty Deed, attached as Exhibit 2.

13. The ownership of PAN at the time of formation of the partnership, until 2003, was as follows: (A) Richard P. Cook: 66.66%; (B) Thomas J. Cook: 33.33%. *See* PAN Partnership Agreement at 1.

14. The PAN Partnership Agreement provides that both Richard P. Cook and Thomas J. Cook are managing partners in PAN. *See* PAN Partnership Agreement at 2.

15. On May 30, 2003, pursuant to the express agreement of Thomas J. Cook and Richard P. Cook as the PAN partners, Thomas J. Cook assigned his interest in PAN to Thomas J. Cook and Vicki L. Schwab as trustees of the Cook/Schwab Living Trust. *See* Richard P. Cook and Thomas J. Cook Tax and Trust Agreement, attached as Exhibit 3.

16. Upon information and belief, on or about December of 2008, Richard P. Cook subdivided and/or transferred the Taos County Real Estate, conveying a tract from PAN to himself. This resulted in Richard P. Cook owing a debt to the partnership, or, alternatively, in Richard P. Cook continuing to hold PAN's assets.

17. Upon information and belief, on or about January of 2014, Richard P. Cook conveyed the remaining tract of the Taos County Real Estate that was PAN's asset to himself and his wife, Shirley A. Cook, which resulted in Richard P. Cook owing a debt to the

partnership. Alternatively, Richard P. Cook continued to, and Defendant the Estate of Richard P. Cook continues to, hold PAN's assets, which consists of the proceeds of the sale of the Taos County Real Estate to a third party plus interest.

18. On or about January of 2014, Richard P. Cook and Shirley A. Cook sold the Taos County Real Estate to a third party.

19. On or about March 19, 2014, Defendants closed a bank account at Valley National Bank in PAN's name, and transferred the balance of the PAN account to Richard P. Cook.

20. On or about April 17, 2017, Richard P. Cook died.

21. Upon information and belief, upon Richard P. Cook's death, Defendant Fishman was appointed as the personal representative for Defendant the Estate of Richard P. Cook (collectively, "Defendants").

### COUNT I: DISSOLUTION, ACCOUNTING, AND CONTRIBUTION

22. Plaintiffs reallege and incorporate by reference all the above paragraphs as if they are fully set forth herein.

23. On or about September 26, 2018, Plaintiffs inquired of Defendants about the carrying on of the partnership pursuant to the PAN Partnership Agreement.

24. On or about January 9, 2019, Defendants responded indicating that no person or entity to whom Richard P. Cook's ownership interest in PAN would carry on the partnership upon Richard P. Cook's death. Thus, Plaintiffs began the dissolution and winding up of PAN.

25. In accordance with the New Mexico Uniform Partnership Act, Defendants are liable for Richard P. Cook's obligation to contribute the partnership.

26. Plaintiffs do not know the amount of money and/or other property which are currently in the possession of PAN. Upon information and belief, the value of the Taos County Real Estate, however, entitles Plaintiffs to a large sum of money in excess of $75,000, exclusive of interest and costs.

27. On or about February 19, 2019, Plaintiffs demanded of Defendants, by March 1, 2019, an accounting for all income and expenses in connection with the business of the partnership, and that Defendants settle the accounts of PAN by paying over to Plaintiffs the share of the net profits to which Plaintiffs are entitled. Plaintiffs also demanded inspection of the partnership records related to PAN's assets.

28. Defendants have not rendered an accounting for the monies or properties received by Richard P. Cook or the Estate of Richard P. Cook, have not paid any portion of the net profits to Plaintiffs, have not produced the partnership records related to PAN's assets for inspection, and have not responded to Plaintiffs' demands of February 19, 2019.

29. Defendants' refusal to render an accounting and to settle the accounts of PAN to wind up PAN's business was willful, reckless, wanton, malicious, oppressive, and done in bad faith, and Plaintiffs are entitled to punitive damages from Defendants.

## COUNT II: BREACH OF FIDUCIARY DUTY

30. Plaintiffs reallege and incorporate by reference all the above paragraphs as if they are fully set forth herein.

31. Upon the death of Richard P. Cook, Defendants owed a fiduciary duty to PAN and to Plaintiffs with respect to PAN's assets in their possession, which includes the debt that Defendant the Estate of Richard P. Cook owes to PAN.

32. By refusing to render an accounting for the monies or properties received by Richard P. Cook or the Estate of Richard P. Cook, by having refused to pay any portion of the net profits to Plaintiffs, by having refused to produce the partnership records for inspection, and by not settling Richard P. Cook's account in PAN, Defendants willfully, recklessly, wantonly, maliciously, oppressively, and in bad faith breached their fiduciary duty to Plaintiffs. Plaintiffs have been damaged thereby.

33. By reason of the foregoing, Defendants are liable to the Plaintiffs for compensatory damages in an amount in excess of 33.33% of PAN's assets, including the proceeds from the sale of the Taos County Real Estate and the balance of the PAN bank account, which amount is in excess of $75,000, exclusive of interest and costs, as well as for punitive damages, in an amount to be proved at trial, as well as for punitive damages, in an to be proved at trial.

## COUNT III: PRIMA FACIE TORT

34. Plaintiffs reallege and incorporate by reference all the above paragraphs as if they are fully set forth herein.

35. Defendants' actions as set forth above were done intentionally.

36. Defendants' actions as set forth above were done with the intent that the actions would cause harm to the Plaintiffs or Defendants knew with certainty that the actions would cause harm to Plaintiffs.

37. Defendants' actions as set forth above caused harm to Plaintiffs.

38. Plaintiffs' harm was fraudulently concealed by Defendants until on or about January of 2019.

39. Defendants' actions as set forth above were not justifiable under all of the circumstances.

40. By reason of the foregoing, Defendants are liable to the Plaintiffs for compensatory damages in an amount in excess of 33.33% of PAN's assets, including the proceeds from the sale of the Taos County Real Estate and the balance of the PAN bank account, which amount is in excess of $75,000, exclusive of interest and costs, as well as for punitive damages, in an amount to be proved at trial.

### COUNT IV: CONVERSION

41. Plaintiffs reallege and incorporate by reference all the above paragraphs as if they are fully set forth herein.

42. At all times herein, Plaintiffs were, and still are, entitled to possession of 33.33% of the partnership assets, which includes Defendants' debt to the partnership.

43. On or about March 1, 2019, the deadline passed for Defendants to provide an accounting to Plaintiffs and to settle Defendants' account with PAN.

44. On or about March 1, 2019, Defendants took Plaintiffs' property, consisting of their interest in 33.33% of the partnership assets, and converted the same to the Defendants' own use.

45. Defendants' actions as set forth above were willful, wanton, malicious, and oppressive, were undertaken in bad faith, and justify the awarding of exemplary and punitive damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs request that the Court enter a judgment for the following:

1. Dissolving the PAN partnership and ordering an accounting of all of the partnership transactions and of all property and money received and paid by Plaintiffs and Defendants respectively, including interest;

2. Directing the sale of the partnership's property, as applicable, the payment of the debts and liabilities of the partnership, and the division of the surplus, if any, between the Plaintiffs and Defendants respectively;

3. Enjoining Defendants from disposing of the partnership credits, debts, or monies, or receiving monies or other property or effects, of the partnership or from entering into any new transactions in the name of or on behalf of the partnership;

5. Granting Plaintiffs compensatory damages in an amount to be proved at trial, plus pre-judgment interest to the extent permitted by law;

6. Granting Plaintiffs punitive damages at an amount to be proved at trial;

7. Granting Plaintiffs reasonable attorneys' fees, and costs of this suit, as permitted by law; and

8. Such other relief as the court deems proper.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  */s/ Matthew M. Beck*
    Matthew M. Beck
Post Office Box 1888
Albuquerque, New Mexico  87103
(505) 765-5900
mbeck@rodey.com

*Attorneys for Plaintiffs Thomas J. Cook and Vicki L. Schwab*